UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>MATTHEW DEHAGI,<br><br>      Defendant. | Case No. CR06-38-RSM-JPD<br><br>DETENTION ORDER |

Offense charged:

    Smuggle and Transport of Illegal Aliens in violation of 8 U.S.C. §§ 1324(a)(1)(A)(l), 1324(a)(1)(A)(ii), and 1324(a)(2)(B)(ii).

Date of Detention Hearing: February 9, 2006.

    The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required.

    FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

    (1)    A detainer has been placed on defendant by the Bureau of Immigration and Customs Enforcement.

    (2)    Defendant was born in Tehran, Iran. In 1999, he became a citizen of Canada, but is uncertain if he is still a citizen of Iran, in addition to his citizenship in Canada.

    (3)    Defendant has four brothers and one sister who still reside in Iran.

    (4)    The defendant has no ties to this community, or to the Western District of

DETENTION ORDER                                          15.13
18 U.S.C. § 3142(i)                                  Rev. 1/91
PAGE 1

Washington.

(5)     Defendant is a Canadian citizen, but has relatively weak ties to British Columbia, Canada. He has a sister with whom he has daily contact, and a brother with whom he has monthly contact. He has been self-employed buying and selling cars and also employed delivering pizzas. There is little keeping him in British Columbia.

(6)     Defendant is facing a mandatory minimum sentence if convicted of the instant offense.

(7)     Defendant is considered a risk of flight based on the above findings.

IT IS THEREFORE ORDERED:

(1)     Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)     Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3)     On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4)     The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 10th day of February, 2006.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge